UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLUWASEYI ERUMEVWA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-678 |
| | § | |
| JEFF SESSIONS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Petitioner Oluwaseyi Erumevwa was a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). Erumevwa filed a petition for a writ of habeas corpus challenging his detention. Respondents filed a motion to dismiss the petition as moot. Petitioner did not respond. Having considered the motion and the attached exhibits, the Court concludes that the respondents' motion should be granted.

**I.      Background**

The facts leading to Erumevwa's detention are not relevant to the disposition of this case. Erumevwa states that he was in custody for an unreasonable length of time pending final determination of his removability. Erumevwa contends that this prolonged detention violates his constitutional rights.

**II.     Standard of Review**

Respondents argue that the petition is subject to dismissal under Fed.R.Civ.P. 12(b)(1). Rule 12(b)(1) provides for dismissal, in relevant part, when the court lacks subject matter jurisdiction.

It is beyond dispute that

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 7 Wall. 506, 514 (1868).

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998). The petitioner bears the burden of proving by a preponderance of the evidence that this Court has jurisdiction to hear his claims. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### III. Analysis

Respondents argue that the Court lacks jurisdiction because Erumevwa has been removed from the United States and is no longer in custody, thus rendering his petition moot. Respondents attach to their motion to dismiss copies of documents demonstrating that Erumevwa was removed from the United States, and thereby released from ICE custody, on June 19, 2018. *See* Respondents' Motion to Dismiss, Exh. 1. Because Erumevwa is no longer in custody, there is no relief that this Court can grant regarding his petition.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted). Because Erumevwa's petition no longer presents a justiciable claim, it must be dismissed as moot.

**IV.     Order**

For the foregoing reasons, it is ORDERED that Respondents' motion to dismiss (Doc. # 5) is GRANTED.  The petition (Doc. # 1) is DISMISSED WITHOUT PREJUDICE as moot.

It is so ORDERED.

SIGNED on this 5th day of November, 2018.

_____
Kenneth M. Hoyt
United States District Judge